O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ROBERTSON,<br><br>                Petitioner,<br><br>    v.<br><br>PEOPLE OF CALIFORNIA,<br><br>                Respondent. | Case No. ED CV 16-0325 PSG (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION**

On February 5, 2016, petitioner Jonathan Robertson ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in federal court. [Dkt. No. 1.] However, Petitioner has failed to exhaust his state court remedies. Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

**II.**

**DISCUSSION**

On July 24, 2015, Petitioner pled guilty to robbery with a firearm. (Pet. at 2.) Pursuant to his plea agreement, Petitioner filed no appeal. (*See id.* at 5.) Petitioner also filed no state habeas petition regarding his conviction or sentence. *See*

http://appellatecases.courtinfo.ca.gov/; *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

On February 5, 2016, Petitioner filed the instant Petition.

As a rule, a state prisoner must exhaust state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state's highest court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks omitted); *see also Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (*per curiam*) ("A petitioner satisfies the exhaustion requirement by fully and fairly presenting each claim to the highest state court."). A claim is deemed to have been "fairly presented" when the petitioner has "described both the operative facts and the federal legal theory on which the claim is based." *Pourahmad v. Doyle*, 2010 WL 770039, at *1 (C.D. Cal. Feb. 20, 2010). Importantly, Petitioner bears the burden of demonstrating that he has exhausted available state remedies. *Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

Here, Petitioner challenges his sentence on various grounds. (Pet. at 3-4.) However, Petitioner has not yet presented any of his claims to the California Supreme Court. (*See id.* at 5); *see also* http://appellatecases.courtinfo.ca.gov/.

Consequently, the Court finds that the Petition is completely unexhausted, and thus subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner is advised that the Court's dismissal of his Petition is *without prejudice*. If Petitioner wishes to pursue federal habeas relief, he may file a new

federal habeas petition *after* he has "fairly presented" his unexhausted claims in a state habeas petition to the California Supreme Court. *Pourahmad*, 2010 WL 770039, at *1.

Petitioner is further advised that there is a one-year statute of limitations on federal habeas claims by a petitioner in state custody. 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a properly filed application for state post-conviction relief, or other collateral review (such as a state habeas petition), is pending. 28 U.S.C. § 2244(d). However, the limitations period is not tolled while a petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### III.
### CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

### IV.
### ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED** for failure to exhaust, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   2/26/16

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE